UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANGEL PERRY,

                                  Plaintiff,

           vs.

JOHN A. GUERRIERI, DDS PLLC
d/b/a JOHN A GUERRIERI DDS

                                  Defendant.
_____

**CORRECTED COMPLAINT**

JURY TRIAL DEMANDED

Case no. 18-cv-6443

      Plaintiff, Angel Perry ("Perry"), by her attorneys Leclair Korona Cole LLP, for her action against defendant John A. Guerrieri, DDS PLLC d/b/a John Guerrieri DDS ("Guerrieri"), states as follows.

## INTRODUCTION

      1.     Perry alleges that her former employer, Guerrieri, discriminated against her on the basis of sex and due to her family genetic history when it subjected her to a hostile work environment and harassment, reduced her pay, reduced her job responsibilities, demoted her, terminated her employment, and failed to pay amounts due and owing for vacation pay and profit sharing, and that Guerrieri further retaliated against Perry after she asserted her rights to be free from discrimination including harassment by reducing her pay, reducing her job responsibilities, demoting her, terminating her employment, and failing to pay amounts due and owing for vacation pay and profit sharing.

      2.     Guerrieri's discrimination and retaliation construes a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, Title II of the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff, *et seq.*, and the New York State Human Rights Act.

3. Guerrieri's failure to pay Perry amounts due and owing for accrued vacation pay and profit sharing also constitutes a violation of the Wage Theft Prevention Act, New York Labor Law §§ 190, *et seq.* and a breach of the parties' contract.

## PARTIES, JURISDICTION AND VENUE

4. Plaintiff Perry is a resident of Wayne County, New York.

5. Defendant John A. Guerrieri, DDS PLLC is a New York limited liability company with its principal place of business in Wayne County, New York.

6. On information and belief, John A. Guerrieri, DDS PLLC does business as John A. Guerrieri, DDS.

7. This action is, in part, one for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and discrimination pursuant to the Title II of the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff, *et seq.* ("GINA"). Federal question jurisdiction in this Court is founded upon 28 U.S.C. §§ 1331 and 1343.

8. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because plaintiff's state law claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share common operative facts with her federal law claim, and the parties are identical. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience and fairness to the parties.

9. Venue in this District is proper, pursuant to 28 U.S.C. § 1391(b)(1) and (2), as the defendant resides in this District and a substantial part of the acts giving rise to the asserted claim took place in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Perry has exhausted her administrative remedies in that she filed timely administrative charges of discrimination and retaliation under Title VII and GINA against Guerrieri with the U.S. Equal Employment Opportunity Commission ("EEOC").

11. The EEOC issued a Determination on March 16, 2018, finding in part that Guerrieri is an employer within the meaning of Title VII and GINA, and that there was reasonable cause to believe that Guerrieri has discriminated against Perry in retaliation for complaining of gender discrimination.

12. The EEOC issued a Notice of Right to Sue on April 5, 2018.

13. Attached to the Notice of Right to Sue, the EEOC included an April 5, 2018 cover letter to Perry stating in part "[w]e found that you were discriminated against in violation of Title VII in that you were subject to harassment and retaliatory discharged [*sic.*] because you had complained about gender harassment," and advising Perry that any lawsuit must be brought within ninety days of receipt of the letter.

## SUBSTANTIVE ALLEGATIONS

14. Guerrieri operates multiple dental offices.

15. Perry has worked in the dental field for over twenty years and her prior employers have given her positive reviews including stating that she is proficient in her work as a dental assistant.

16. Guerrieri provided Perry with a letter agreement dated September 20, 2016, agreeing to hire Perry as a dental assistant at its Walworth location, starting on September 22, 2016, with a salary of $20.00 per hour, and benefits consisting of three weeks of vacation (96 hour) which accrued on the date of hire (September 20, 2016), and would renew for the next

year on April 1, 2017; six paid holidays; a 401(k) plan at the time of hire; profit sharing after one year of service; and dental benefits per the employee handbook.

17. Perry commenced working for Guerrieri as a dental assistant on September 22, 2016.

18. As per the letter agreement, Perry's supervisor was dentist John A. Guerrieri, DDS ("Dr. Guerrieri"), who on information and belief is the sole member and manager of John A. Guerrieri, DDS PLLC.

19. For the first few months of Perry's employment with Guerrieri, Dr. Guerrieri did not harass or otherwise demean Perry and treated her in a professional manner.

20. Dr. Guerrieri's treatment of Perry changed in December 2016, when he learned that Perry was engaged in a romantic relationship with another male dentist.

21. From December 2016 on, Dr. Guerrieri subjected Perry to daily harassment because of her gender, making repeated inappropriate and degrading comments about Dr. Guerrieri's romantic relationship with the other dentist, stating that "every dentist he knows takes care of their woman" in front of other employees and patients, and repeatedly making comments to Perry about "your man" in front of other employees and patients.

22. Perry was being harassed because of her gender due to the manner in which Dr. Guerrieri repeatedly referred to her boyfriend, and because Dr. Guerrieri repeatedly used terms to berate Perry such as "his woman" and "your man", implicating that Perry was a "woman" who was not worthy of being treated like a professional or coworker.

23. Dr. Guerrieri's repeated offensive comments concerning Perry's romantic relationship were sexually degrading, severe, and pervasive, causing Perry to endure a work environment that was intimidating, hostile and abusive.

24. Shortly after Dr. Guerrieri learned of Perry's romantic relationship with another dentist, Dr. Guerrieri stated that he was demoting Perry and that she would not be working as a dental assistant, but instead would be going through Dr. Guerrieri's "boot camp". That day, Dr. Guerrieri required Perry to take medically unnecessary x-rays of other employees, he required other employees to supervise Perry's work, and he repeatedly said disparaging things about Perry and her work to other employees.

25. Even though Dr. Guerrieri claimed as a pretext that he was disparaging and demoting Perry because she did not take a proper x-ray, the dental hygienists present stated that the subject x-ray taken by Perry was done properly and without error.

26. The real reason why Dr. Guerrieri demoted and disparaged Perry was because he was subjecting her to discrimination based on her gender and her personal relationship with the other dentist.

27. Perry complained about Guerrieri's harassing behavior towards her, and his pejorative references to Perry and her relationship with her significant other, to the Office Manager on more than one occasion.

28. Guerrieri's other employees, including the office manager, told Perry that she was not "doing anything wrong," and that there was nothing wrong with Perry's performance, but that Dr. Guerrieri treated his prior female assistants in a similar manner, and this is "just how he is."

29. On the afternoon of January 23, 2017, Dr. Guerrieri again disparaged and harassed Perry in front of a patient by yelling that Perry was doing her work improperly, and by screaming the statement "[d]idn't your MAAAAN care about anything?", referring to Perry's boyfriend.

30. Approximately thirty minutes later, Perry reported this incident to Guerrieri's Office Manager. Perry told the Office Manager what occurred during the January 23, 2017 incident, that Perry felt that Dr. Guerrieri's comment was inappropriate and constituted sexual harassment, and that Dr. Guerrieri had been sexually harassing Perry by making repeated demeaning comments about her gender and her romantic relationship in front of other employees and patients.

31. The Office Manager told Perry that she should raise the issue of harassment with Dr. Guerrieri directly.

32. The next morning, on January 24, 2017, Dr. Guerrieri called Perry into his office for a meeting, and stated that he was cutting Perry's salary by $4.00 per hour, to $16.00 per hour.

33. Dr. Guerrieri then made additional harassing comments to Perry, criticized her work, and stated that she would be required to go through an "assistant boot camp," which he stated that he just decided to create for Perry.

34. Perry then stated to Dr. Guerrieri that she would like to discuss another issue regarding the harassing comments he had been making to her.

35. Dr. Guerrieri responded by yelling: "Harassment! Get out of here! You're FIRED!."

36. Additionally, in January 2017, prior to Perry's termination, Perry requested a day off in February for a doctor's appointment. The Office Manager asked why Perry was going to the doctor, and Perry responded that she had a biopsy scheduled due to a finding of test results including "abnormal cells", that she has a family history of cancer, and that she was told during genetic counseling that she most likely carries the BRCA gene.

37. Just after Perry disclosed this information to the Office Manager concerning her genetic history, and before terminating Perry, Guerrieri offered Perry's position of dental assistant to another person who was working without pay as an intern in the office.

38. As stated above, Guerrieri then terminated Perry's employment a few days later.

39. Following the termination of Perry's employment, despite Perry's request for payment, Guerrieri has failed to pay Perry for the three weeks of vacation that had accrued or the profit sharing as promised in her letter agreement.

40. As a result of Guerrieri's discrimination, retaliation, termination, and failure to pay Perry for accrued vacation, and profit sharing, Perry has sustained damages including lost wages, lost employment benefits, credit card debt and fees thereon, fees associated with being unable to pay a vehicle lease, and interest thereon.

41. As a result of Guerrieri's harassment, discrimination, and retaliation, Perry has also sustained emotional distress.

42. Perry's total damages based on the foregoing are in excess of $175,000.00, plus interest, attorney's fees and disbursements.

**FIRST CAUSE OF ACTION**
**UNLAWFUL DISCRIMINATION ON THE BASIS OF SEX**
**VIOLATION OF TITLE VII**

43. Perry realleges paragraphs 1 through 42 as if fully set forth herein.

44. Guerrieri's conduct as alleged herein constitutes unlawful discrimination based on Perry's sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

45. Guerrieri discriminated against Perry in violation of Title VII when, based on her gender, it subjected Perry to verbal abuse, a hostile work environment, harassment, and disparate treatment; demoted Perry to a lesser position with diminished earning potential;

decreased Perry's salary; terminated Perry's employment; and failed to pay Perry vacation pay and profit sharing due and owing.

46. As a result of Guerrieri's conduct as alleged herein, Perry has suffered and continues to suffer harm, including losses in compensation, employee benefits, pain and suffering, humiliation, mental anguish, and emotional distress.

47. Guerrieri's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Perry's rights.

48. As a direct result of Guerrieri's discrimination, Perry is entitled to all remedies available under Title VII, including compensatory damages, punitive damages, attorney's fees, costs, prejudgment interest, and other compensation.

## SECOND CAUSE OF ACTION
## UNLAWFUL RETALIATION IN VIOLATION OF TITLE VII

49. Perry realleges paragraphs 1 through 42 as if fully set forth herein.

50. Guerrieri's conduct as alleged herein constitutes unlawful retaliation against Perry after she asserted her rights to be free from discrimination in violation of Title VII of the Civil Rights Act of 1964.

51. Guerrieri discriminated against Perry in violation of Title VII when, in retaliation for asserting a claim of sexual harassment, it subjected Perry to verbal abuse, a hostile work environment, harassment, and disparate treatment; demoted Perry to a lesser position with diminished earning potential; decreased Perry's salary; terminated Perry's employment; and failed to pay Perry vacation pay and profit sharing due and owing.

52. As a result of Guerrieri's conduct as alleged herein, Perry has suffered and continues to suffer harm, including losses in compensation, employee benefits, pain and suffering, humiliation, mental anguish, and emotional distress.

53. Guerrieri's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Perry's rights.

54. As a direct result of Guerrieri's retaliation, Perry is entitled to all remedies available under Title VII, including compensatory damages, punitive damages, attorney's fees, costs, prejudgment interest, and other compensation.

### THIRD CAUSE OF ACTION
### UNLAWFUL DISCRIMINATION ON THE BASIS OF SEX
### IN VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

55. Perry realleges paragraphs 1 through 42 as if fully set forth herein.

56. Guerrieri's conduct as alleged herein constitutes unlawful discrimination based on Perry's sex in violation of the New York State Human Rights Law ("NYSHRL") and regulations.

57. Guerrieri discriminated against Perry in violation of the NYSHRL when, based on her gender, it subjected Perry to verbal abuse, a hostile work environment, harassment, and disparate treatment; demoted Perry to a lesser position with diminished earning potential; reduced Perry's salary; terminated Perry's employment; and failed to pay Perry vacation pay and profit sharing due and owing.

58. As a result of Guerrieri's conduct as alleged herein, Perry has suffered and continues to suffer harm, including losses in compensation, employee benefits, pain and suffering, humiliation, mental anguish, and emotional distress.

59. As a direct result of Guerrieri's discrimination, Perry is entitled to all remedies available under the NYSHRL, including compensatory damages, costs, prejudgment interest, and other compensation.

## FOURTH CAUSE OF ACTION
## UNLAWFUL RETALIATION IN VIOLATION OF
## THE NEW YORK STATE HUMAN RIGHTS LAW

60. Perry realleges paragraphs 1 through 42 as if fully set forth herein.

61. Guerrieri's conduct as alleged herein constitutes unlawful retaliation against Perry after she asserted her rights to be free from discrimination in violation in violation of the NYSHRL and regulations.

62. Guerrieri discriminated against Perry in violation of the NYSHRL when, in retaliation for asserting a claim of harassment based on her gender, it subjected Perry to verbal abuse, a hostile work environment, harassment, and disparate treatment; demoted Perry to a lesser position with diminished earning potential; reduced Perry's salary; terminated Perry's employment; and failed to pay Perry vacation pay and profit sharing due and owing.

63. As a result of Guerrieri's conduct as alleged herein, Perry has suffered and continues to suffer harm, including losses in compensation, employee benefits, pain and suffering, humiliation, mental anguish, and emotional distress.

64. As a direct result of Guerrieri's retaliation, Perry is entitled to all remedies available under the NYSHRL, including compensatory damages, costs, prejudgment interest, and other compensation.

## FIFTH CAUSE OF ACTION
## UNLAWFUL DISCRIMINATION IN VIOLATION OF GINA

65. Perry realleges paragraphs 1 through 42 as if fully set forth herein.

66. Guerrieri's conduct as alleged herein constitutes unlawful discrimination based on Perry's genetic information and genetic history in violation of Title II of the Genetic Information Nondiscrimination Act ("GINA").

67. Guerrieri discriminated against Perry in violation of GINA when, based on Perry's genetic diagnosis, medical history and family's medical history of cancer, it subjected Perry to verbal abuse, a hostile work environment, harassment, and disparate treatment; demoted Perry to a lesser position with diminished earning potential; decreased Perry's salary; terminated Perry's employment; and failed to pay Perry vacation pay and profit sharing due and owing.

68. As a result of Guerrieri's conduct as alleged herein, Perry has suffered and continues to suffer harm, including losses in compensation, employee benefits, pain and suffering, humiliation, mental anguish, and emotional distress.

69. Guerrieri's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Perry's rights.

70. As a direct result of Guerrieri's discrimination, Perry is entitled to all remedies available under GINA, including compensatory damages, punitive damages, attorney's fees, costs, prejudgment interest, and other compensation.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE WAGE THEFT PREVENTION ACT

71. Perry realleges paragraphs 1 through 42 as if fully set forth herein.

72. Guerrieri unlawfully failed to pay Perry wages due and owing and made improper deductions from Perry's wages in violation of the Wage Theft Prevention Act, New York Labor Law §§ 190, *et seq*. (the "Wage Theft Prevention Act").

73. Guerrieri violated the Wage Theft Prevention Act by failing to pay Perry accrued vacation pay and profit sharing due and owing, which constitutes an underpayment of wages and an improper deduction from Perry's wages.

74. Guerrieri does not have a good faith basis to believe its underpayment of wages to Perry was in compliance with the law.

75. As a direct result of Guerrieri's violation of the Wage Theft Prevention Act, Perry is entitled to all remedies available thereunder, including the full amount of the underpayment, attorney's fees, costs, prejudgment interest, and liquidated damages equal to one hundred percent of the total amount of the wages found to be due.

## SEVENTH CAUSE OF ACTION
## BREACH OF CONTRACT

76. Perry realleges paragraphs 1 through 42 as if fully set forth herein.

77. Pursuant to the September 20, 2016 Letter Agreement between Perry and Guerrieri, Guerrieri agreed to pay Perry a salary of $20.00 per hour, three weeks of vacation, which accrued on the date of hire, plus profit sharing.

78. Perry performed work as a dental assistant pursuant to the terms of the agreement.

79. To date, Guerrieri has failed to pay Perry her full salary due and owing, including payment for accrued vacation pay and profit sharing.

80. Guerrieri's failure to pay Perry the salary and benefits that she earned constitutes a breach of the Letter Agreement.

81. As a direct result of Guerrieri's breaches of the parties' agreement, Perry has suffered losses constituting unpaid wages, unpaid vacation pay, and unpaid profit sharing.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Perry hereby demands a trial by jury of all claims raised herein for which Perry has a right to trial by jury.

WHEREFORE, Perry demands judgment against Guerrieri as follows:

A. Order Guerrieri to pay compensatory damages including lost wages and compensation, future lost wages, unpaid vacation pay, holiday pay, and profit sharing, employment benefits, other compensation denied or lost to Perry, and additional damages caused by Guerrieri including credit card debt and associated fees, and fees associated with being unable to pay a vehicle lease, in an amount to be proven at trial, but not less than $100,000.00 exclusive of interest and costs;

B. Order Guerrieri to pay compensatory damages for Perry's mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress, in an amount to be proven at trial, but not less than $75,000.00 exclusive of interest and costs;

C. Order Guerrieri to pay punitive damages in an amount to be determined at trial;

D. Order Guerrieri to pay liquidated damages in an amount to be determined at trial;

E. Order Guerrieri to pay attorney's fees, costs, and disbursements;

F. Order Guerrieri to pay pre-judgment interest and post-judgment interest;

G. Such other and further relief as the Court deems just and proper.

Dated: May 17, 2019           **LECLAIR KORONA COLE LLP**

                                                 s/ Stacey E. Trien
Stacey E. Trien, Esq.
*Attorneys for Plaintiff*
28 E. Main Street, Suite 1500
Rochester, New York 14614
(585) 327-4100
strien@leclairkorona.com